**Douglas E. BAKER, Plaintiff–Appellant,**

v.

**Larry RAULIE, et al.,
Defendants–Appellees.**

No. 88–3841.

United States Court of Appeals,
Sixth Circuit.

Argued May 16, 1989.

Decided July 25, 1989.

---

K. Ronald Bailey argued, K. Ronald Bailey & Associates, Sandusky, Ohio, for plaintiff-appellant.

Ellis F. Robinson argued, Ritter, Boesel & Robinson, Stephen D. Koder, Mark E. Lupe, Brown, Baker, Schlageter & Craig, Toledo, Ohio, for defendants-appellees.

Before MERRITT and KRUPANSKY, Circuit Judges, and HILLMAN, Chief District Judge.*

* The Honorable Douglas W. Hillman, Chief Judge of the United States District Court for the West-

## PER CURIAM.

This matter comes before us on motion of appellee Larry Raulie to dismiss for lack of jurisdiction the appeal brought by appellant Douglas Baker. Raulie contends that Baker failed to establish excusable neglect for his failure to file a timely notice of appeal. We agree, and accordingly grant the motion to dismiss.

### I. Facts

Baker and Raulie, fellow employees at an Ohio meatpacking plant, were involved in a fight at work on January 13, 1987. On January 12, 1988 Baker filed this diversity action seeking damages for personal injury. On August 3, 1988 the district court entered summary judgment for Raulie.

Under Fed.R.App.P. 4(a)(1), Baker had 30 days to file a timely notice of appeal from the August 3 judgment. Thus, the notice was due in the district court by the close of business on September 2, 1988, the Friday before the three-day Labor Day weekend. Baker's attorney prepared and mailed the notice on September 2, but it was not received and filed by the district court clerk until five minutes into the next business day, the Tuesday after Labor Day, September 6.

Along with the notice of appeal, Baker submitted on September 6 a motion to extend the appeal period under Fed.R.App.P. 4(a)(5). In this motion, Baker's attorney contended that the notice's untimely filing resulted from excusable neglect due to his involvement in trial of another matter from August 22 to September 2. The district court granted the motion by notation on the following day, before Raulie had a chance to file his opposition. This appeal and motion followed.

### II. Propriety of Motion to Dismiss

■ Initially, we reject Baker's argument that we lack jurisdiction to hear Raulie's motion to dismiss because Raulie did not file a cross-appeal from the district court's September 7 notation order grant-

ern District of Michigan, sitting by designation.

ing Baker an extension of time in which to file his notice of appeal. Raulie attacks our jurisdiction of Baker's appeal by contending that Baker did not file a timely notice, and that the district court abused its discretion in granting Baker leave to file an untimely notice. It is perfectly proper to raise such a jurisdictional challenge by motion to dismiss rather than cross-appeal. 6th Cir.R. 8(a)(1); *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir.1989); *Trivette v. New York Life Ins. Co.*, 270 F.2d 198, 199 (6th Cir.1959). Moreover, even if Raulie had chosen an improper vehicle to raise the issue, we would still be bound to make jurisdictional inquiry on our own motion. *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 740, 96 S.Ct. 1202, 1204, 47 L.Ed. 2d 435 (1976); *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir.1988); *Trivette*, 270 F.2d at 199.

III. Timeliness of Notice of Appeal

■ Baker does not argue strenuously that his notice of appeal met the strict 30-day filing requirement of Fed.R.App.P. 4(a)(1).* We construe certain statements in his response to the present motion, however, as an argument that he complied with the "spirit" of the rule. In essence, he asserts that it is unjust to bar his appeal where his attorney mailed the notice within the 30-day period, and the district court clerk received it only five minutes after it was due following a long holiday weekend.

We acknowledge the surface appeal of this argument, but it ignores well-settled principles of law. Compliance with the strict requirements of Rule 4(a)(1) is mandatory and jurisdictional. *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988); *McMillan v. Barksdale*, 823 F.2d 981, 982 (6th Cir.1987).

This means that "the requirements of Rule 4(a)(1) and its predecessors with respect to the time for taking an appeal have long been treated as especially rigid." *650*

*Park Ave. Corp. v. McRae*, 836 F.2d 764, 766 (2d Cir 1988). *Cf. Torres v. Oakland Scavenger Co.*, ── U.S. ──, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988) (construing Fed.R.App.P. 3(c) notice of appeal party specificity requirement in "harsh" and "implacable" manner). It in turn means that the courts ordinarily reject notices filed only minutes or hours too late. *See, e.g., Sprout v. Farmers Ins. Exchange*, 681 F.2d 587, 588 (9th Cir.1982) (per curiam); *Wyzik v. Employee Benefit Plan of Crane Co.*, 663 F.2d 348 (1st Cir.1981) (per curiam).

That his attorney mailed his notice of appeal within thirty days of the August 3 judgment does not help Baker. Except in unique circumstances not present here, the notice is "filed" within the meaning of Rule 4(a)(1) upon receipt by the district court clerk, not at the time of mailing. *Houston v. Lack, Warden*, ── U.S. ──, 108 S.Ct. 2379, 2384-85, 101 L.Ed.2d 245 (1988); *Pryor v. Marshall*, 711 F.2d 63, 65 (6th Cir.1983). It follows that Baker filed his notice on September 6, a day too late, rather than September 2, the last day of Rule 4(a)(1)'s 30-day appeal period.

We view the proximity of Labor Day to Baker's notice due date as immaterial. The notice of appeal was due at the end of Friday, *before* the start of the holiday weekend. Even if the holiday delayed the district court's receipt of the notice, it still would have been late had there been no holiday. Moreover, as the First Circuit observed in identical circumstances, "[t]he issue here is date of filing of the [n]otice, not progress of the mails." *Airline Pilots etc. v. Executive Airlines, Inc.*, 569 F.2d 1174, 1175 (1st Cir.1978) (per curiam).

In sum, Baker did not comply with either the letter or the spirit of Rule 4(a)(1), and we regard his notice of appeal as untimely filed.

IV. Extension of Time to File Notice

■ We may exercise jurisdiction of this appeal if the district court properly granted

---

* Rule 4(a)(1) states in pertinent part that "[i]n a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days after the date of entry of the judgment or order appealed from...."

Baker's motion to extend the time for filing his notice of appeal under Fed.R.App.P. 4(a)(5).* Our standard of review of an extension granted is whether the district court abused its discretion. *Marsh v. Richardson,* 873 F.2d 129, 130 (6th Cir.1989). We believe the district court abused its discretion both procedurally and substantively.

■ First of all, the district court should not have granted Baker's Rule 4(a)(5) motion by notation without providing Raulie a meaningful opportunity to respond. We recently wrote that "[i]t is well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances." *Marsh,* at 130. Here, the district court's notation order does not spell out what might be unique or extraordinary about this case. Due to the order's lack of findings or discussion, we cannot tell what motivated the district court to grant Baker's extension motion.

Not only was the district court's order too brief, it was too hasty as well. The district court entered the order the day after Baker filed his Rule 4(a)(5) motion. Therefore, assuming he received his copy of the motion on September 6, the day it was filed in the district court, Raulie had less than two days to prepare and file his response. This was insufficient, especially when the applicable local rule allowed ten days to respond. *See* N.D. Ohio R. 3.01(3).

■ Although Rule 4(a)(5)'s notice requirement by its terms binds only the movant and not the district court, it was plainly meant to discourage a district court's *ex parte* consideration of a motion to extend the appeal period filed after expiration of the initial 30 days. We agree with the Fifth Circuit that the district court, regardless of the conduct of the movant, must see to it that adverse parties receive notice along with an adequate opportunity to be heard regarding a Rule 4(a)(5) motion filed within the 30–day grace period that follows Rule 4(a)(1)'s initial time for appeal. *See Diffenderfer v. Homer,* 408 F.2d 1344, 1346–47 (5th Cir.1969).

Given our conclusion that the district court abused its discretion by employing an improper procedure in granting Baker's motion to file an untimely notice of appeal, it might be logical to remand this case. This would allow the district court to reconsider the matter under a proper procedure that takes into account Raulie's opposition and spells out the basis of the district court's discretionary decision to grant the motion. However, we conclude the district court also abused its discretion in deciding the substance of Baker's Rule 4(a)(5) motion. Consequently, a remand would serve no useful purpose.

■ The only reason given by Baker in both the district court and this court to support the contention that he did not file a timely notice of appeal due to excusable neglect, is that his attorney was in trial from August 22 to September 2, 1988. This is not the sort of unique and extraordinary circumstance that warrants the granting of an extension to appeal under Rule 4(a)(5)'s "excusable" neglect standard.

To begin with, Baker's proffered reason does not address the obvious question of what happened between the district court's entry of judgment on August 3 and the beginning of his attorney's other trial on August 22. Assuming the attorney received notice of the judgment several days after its entry, he had ample time to file an appeal long before the other trial began.

More fundamentally, Baker's position boils down to an assertion that his attorney was too busy to comply with the mandatory and jurisdictional 30–day requirement of Rule 4(a)(1). As we recently said in *Marsh,*

---

* Rule 4(a)(5) states that "[t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. No-tice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later."

"the filing of a notice of appeal does not require much thought or time and ... the fact that an attorney [is] 'busy' on another matter [does] not constitute excusable neglect." At 131 (citing *Pinero–Schroeder v. Fed. Natl. Mortgage Ass'n.*, 574 F.2d 1117, 1118 (1st Cir.1978)).

Here, the notice of appeal contains 37 words. Even if Baker's attorney was in trial 12 hours a day continuously from August 22 onwards, he could have found a few minutes sometime before September 2 to draft and deliver to the district court such a simple and important document. The attorney's failure to do so may well amount to neglect, but it is not excusable. Under all the circumstances, the district court abused its discretion in holding otherwise.

### V. Conclusion

In light of the foregoing, we reverse the district court's order granting Baker an extension of time in which to file a notice of appeal, and dismiss this appeal for want of jurisdiction.