894 F.2d 408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lyle M. RICE; Debra J. Rice, Plaintiffs-Appellants,
v.
Don E. GUSTAVEL, Individually and as agent and corporate
officer of Liquid Handling Specialists, Incorporated;
Marvin M. Springer (Deceased), Individually and as agent and
corporate officer of Liquid Handling Specialists,
Incorporated, a Georgia corporation; Liquid Handling
Specialists, Incorporated; Tri-State Brokers; Metro Auto
Auction of Kansas City, Incorporated; Defendants
Lee Wass, Individually and as an agent and corporate officer
of Lee Wass Oldsmobile-Cadillac, Incorporated, a Tennessee
corporation; Lee Wass Oldsmobile-Cadillac; Russ Wass,
Individually and d/b/a Tri-State Brokers, Defendants-Appellees.
 No. 89-5569.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1990.
 
 1
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and WILLIAM O. BERTELSMAN, District Judge*.
 
 ORDER
 
 2
 Plaintiffs appeal the order granting in part and denying in part their motion for recovery of attorney fees and expenses in this action under the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. Sec. 1981, et seq. Defendant Lee Wass Oldsmobile-Cadillac moves to dismiss the appeal for lack of jurisdiction.
 
 
 3
 The district court entered judgment for the plaintiffs on November 18, 1987. Two defendants appealed and plaintiffs cross-appealed. While those appeals were pending, the plaintiffs moved in the district court for an award of attorney fees and expenses under 15 U.S.C. Sec. 1989. The court granted that motion in part, but specifically provided that the order would not take effect "until and unless the principal case is affirmed by the Sixth Circuit."[1] The defendant moves to dismiss on grounds that the conditional nature of the order renders it non-final and thus non-appealable under 28 U.S.C. Sec. 1291. Upon examination of the record, we conclude that we need not reach that issue as this Court lacks jurisdiction for another reason.
 
 
 4
 The district court's amended order as to the award of attorney fees and expenses was entered on the docket on March 21, 1989. Under Fed.R.App.P. 4(a)(1), a notice of appeal must be filed with the clerk of the district court within 30 days after date of entry of the judgment or order appealed from. Accordingly, plaintiffs had until April 20, 1989 in which to file a notice of appeal. Although plaintiffs' notice of appeal is dated as "This 20th day of April, 1989", it was not filed with the district court until April 24, 1989. Compliance with the strict requirements of Rule 4(a)(1) is mandatory and jurisdictional. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam).
 
 
 5
 It is therefore ORDERED that plaintiffs' appeal be dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The judgment entered in 1987 was affirmed on the plaintiffs' cross-appeal in Rice v. Gustavel, No. 88-5051, U.S.Ct.App. 6th Cir., Dec. 12, 1989