897 F.2d 529
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alton D. COBB, and his heirs, Plaintiff-Appellant,
v.
CITY OF DETROIT COMMON COUNCIL; Coleman A. Young, Mayor,
City of Detroit; Detroit Law Department; John
Does, Department Heads, Defendants-Appellees.
 No. 89-2068.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1990.
 
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellees' motion to dismiss the appeal for lack of jurisdiction on the basis that the notice of appeal was late. Appellant has responded.
 
 
 2
 A review of the record indicates that the civil action was dismissed by order entered June 28, 1989. A motion to reconsider and reinstate the action was served on August 7, 1989, and filed August 8, 1989. Such motion was denied by order entered August 11, 1989. Appellant appealed on September 11, 1989, from the orders dismissing the action and denying reconsideration.
 
 
 3
 A motion for reconsideration has been held to be analogous to a Fed.R.Civ.P. 59(e) motion to alter or amend. Kennedy v. City of Cleveland, 797 F.2d 297, 305 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987); Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). An order denying a Fed.R.Civ.P. 59 motion for reconsideration is not appealable. Walker v. Mathews, 546 F.2d 814, 817 n. 1 (9th Cir.1976). The appeal, however, can be treated as an appeal from the final decision where the motion tolled the appeal period. Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973). The running of the appeal period is tolled if a party serves the motion within ten days of the entry of the decision. Fed.R.Civ.P. 59(e) and Fed.R.App.P. 4(a)(4). The motion to reconsider in the instant appeal was served more than a month after the decision and failed to toll the appeal period. The notice of appeal as it applies to the final decision was forty-five days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 It is ORDERED that the motion to dismiss be granted and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 8, Rules of the Sixth Circuit.