899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Phillip Gregory TATE, Plaintiff-Appellant,
v.
Thomas J. O'CONNELL, Terry L. Morris, Supt., Defendants-Appellees.
 No. 89-4103.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1990.
 
 Before RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's February 14, 1990, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. He states that he prepared notices of appeal on October 5 and November 29, 1989, and that as a prisoner he has no control of his incoming and outgoing mail.
 
 
 2
 It appears from the record that the judgment was entered October 3, 1989. A Fed.R.Civ.P. 59(e) motion to vacate was served on October 19, 1989, which was not within the ten-day service period as calculated pursuant to Fed.R.Civ.P. 6(a) and failed to toll the appeal period. See Fed.R.App.P. 4(a)(4); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018-19 (6th Cir.1983). The motion was denied by ruling made on November 20 and entered November 21, 1989. Appellant's notice of appeal dated November 29 and filed December 7, 1989, sought to appeal the judgment and the denial of his Fed.R.Civ.P. 59(e) motion. The notice of appeal as it applies to the judgment was thirty-five days late. See Fed.R.App.P. 4(a) and 26(a). Even if the notice of appeal was given to prison authorities on the date it was prepared and was deemed filed on that date, it was twenty-seven days late. See Fed.R.App.P. 4(a) and 26(a); Houston v. Lack, 487 U.S. 266 (1988). A ruling on a Fed.R.Civ.P. 59(e) motion is not appealable. Walker v. Mathews, 546 F.2d 814, 817 n. 1 (9th Cir.1976); Peabody Coal Co. v. Local Union Nos. 1734, 1508 & 1548, UMW, 484 F.2d 78, 81 (6th Cir.1973).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. However, the district court is directed to search its records for the October 5, 1989, notice of appeal which appellant allegedly sent. If located, the district court record should be corrected pursuant to Fed.R.App.P. 10(e) and a copy of the notice of appeal forwarded to this court as provided by Fed.R.App.P. 3(d).