904 F.2d 709
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Jewell WILLIAMS, Defendant-Appellant.
 No. 89-2075.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1990.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's response to this court's order of April 20, 1990, directing him to show cause as to why his appeal should not be dismissed due to lack of jurisdiction.
 
 
 2
 The record discloses that an order denying appellant's motion to vacate sentence pursuant to Fed.R.Crim.P. 35 was entered on July 21, 1989. Appellant then timely served a motion to reconsider that order which tolled the time for filing a notice of appeal under Fed.R.App.P. 4(b). That motion was denied in an order entered on August 3, 1989, and the notice of appeal was filed on September 7, 1989. The notice of appeal was therefore 24 days late. Fed.R.App.P. 4(b) and 26(a).
 
 
 3
 In the response to this court's show cause order, appellant's counsel concedes that the notice of appeal was untimely, but requests that the court excuse that defect on the ground that he was on vacation and did not receive notice of the district court's entry of a final order until after the expiration of the time for filing a notice of appeal. In the alternative he maintains that the untimeliness of the notice of appeal should be excused because the jurisdictional defect was not discovered until late in the appellate process and was not raised by appellee.
 
 
 4
 Neither of those arguments provides a sufficient basis upon which this court might exercise jurisdiction. Compliance with Fed.R.App.P. 4(b) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir.1987). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. Moreover, an appellate court is under a continuing duty to review appeals on a sua sponte basis to determine whether it may properly exercise jurisdiction. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). Finally, counsel's argument that he failed to receive prompt notification of the entry of a final order due to his being on vacation is unpersuasive. The court notes that after his receipt of such notice on August 18, 1989, counsel delayed an additional 20 days before filing a notice of appeal without seeking an extension of time in which to take that action under Fed.R.App.P. 4(b).
 
 
 5
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. However, this dismissal is without prejudice to any right of appellant to seek an extension of time as provided by Fed.R.App.P. 4(b).