911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. RILEY, Plaintiff-Appellant,
v.
CITY OF DETROIT, Defendant-Appellee,
Buildings & Safety Department, et al., Defendants.
 No. 89-2196.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 1
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges, and GIBBONS, District Judge.*
 
 ORDER
 
 2
 Robert E. Riley, proceeding pro se, appeals the district court's order awarding attorney's fees to defendants, City of Detroit and the Buildings and Safety Department. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Riley brought suit under 42 U.S.C. Sec. 1983 alleging numerous constitutional violations. In an order dated September 2, 1986, the court granted summary judgment on all but two claims. The remaining claims were for alleged violations of the fourteenth amendment and the fourth amendment. At the close of Riley's proof during trial, the district court granted defendants' motion for involuntary dismissal pursuant to Fed.R.Civ.P. 41(b).
 
 
 4
 Defendants moved for an award of attorney's fees pursuant to 42 U.S.C. Sec. 1988 and Fed.R.Civ.P. 11. The district court entered an order partially granting the defendants' motion. After concluding that Riley's Sec. 1983 action was frivolous and without foundation, the district court ordered Riley to pay defendants $1,000.00 in attorney's fees and denied Riley's counterclaim for attorney's fees.
 
 
 5
 Upon review, we conclude that an award of attorney's fees pursuant to 42 U.S.C. Sec. 1988 and Fed.R.Civ.P. 11 was proper under the circumstances of this case.
 
 
 6
 The test for awarding attorney's fees to a defendant as a prevailing party pursuant to Sec. 1988 is whether plaintiff's action was frivolous, unreasonable, or without foundation. See Hughes v. Rowe, 449 U.S. 5, 14-15 (1980). Similarly, the test for the imposition of Rule 11 sanctions is whether the individual's conduct was reasonable under the circumstances. See Jackson v. Law Firm of O'Hara, Rulberg, Osborne & Taylor, 875 F.2d 1224, 1229 (6th Cir.1989). Under these standards, our review of the record and briefs leads us to the conclusion that the district court did not abuse its discretion. See Davis v. Crush, 862 F.2d 84, 88 (6th Cir.1988) (the standard of appellate review of a district court's award of attorney's fees to a prevailing party under Sec. 1988 is whether the trial court abused its discretion in granting or denying the award).
 
 
 7
 Additionally, because Riley failed to file an appeal from the November 22, 1988, judgment of dismissal, this court is without jurisdiction to review his other claims. See Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (the timely filing of a notice of appeal is mandatory and jurisdictional).
 
 
 8
 Accordingly, for the reasons set forth in the district court's judgment on September 18, 1989, we hereby affirm the district court's award of attorney's fees in favor of defendants. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julia S. Gibbons, U.S. District Judge for the Western District of Tennessee, sitting by designation