915 F.2d 1572
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William H. MACK, Plaintiff-Appellant,
v.
BAR ASSOCIATION OF GREATER CLEVELAND, Gerald T. McFaul,
Sheriff, County of Cuyahoga and Various Deputys, John T.
Corrighan, Prosecutor, Cuyahoga County & Other Agents of the
State of Ohio, the City of Cleveland, Police Dept. Water
Dept. Law Dept., Cleveland Municipal Court, and Various
Court Functionaries and Officials, City of Euclid, Police
Dept., the East Ohio Gas Co., Ohio Bell Telephone Company,
the Cleveland Electric Illuminating Company, State Court
Officials, and Various Court Functionaries, Doe Defendants,
John Shaffer Diversafied, the City of Cleveland Heights,
Police Dept. & Muni Court, Ohio Supreme Court, the Cuyahoga
County Board of Election, Defendants-Appellees.
 No. 90-3353.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This matter is before the court upon consideration of the appellees' motions to dismiss the appeal for lack of jurisdiction. The appellant has failed to respond.
 
 
 3
 A review of the documents before the court indicates that the district court action was dismissed by order filed April 7, 1986. A motion to reconsider was filed on April 18, 1986, and denied on April 28, 1986. A motion for reinstatement was filed May 14, 1987, and denied February 21, 1989. A second motion for reinstatement filed March 1, 1990, was denied on March 7, 1990. A motion for a temporary restraining order was denied on March 7, 1990. Appellant appealed on April 17, 1990, but failed to specify which order or orders he was appealing. Such document failed to satisfy the content requirement of a notice of appeal as specified in Fed.R.App.P. 3(c). Also, the notice of appeal was not filed within 30 days of any order as required by Fed.R.App.P. 4(a).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 It is ORDERED that the motions to dismiss be granted and the appeal be, and it hereby is, dismissed. Rule 8, Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation