927 F.2d 605
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. STAUB, Plaintiff-Appellant,
v.
Dale G. SCHMIDT, Defendant-Appellee.
 No. 90-4000.
 United States Court of Appeals, Sixth Circuit.
 Feb. 26, 1991.
 
 S.D. Ohio, No. 89-00340; Herman J. Weber, J.
 
 S.D.Ohio
 
 1
 DISMISSED.
 
 ORDER
 
 2
 The plaintiff has filed a notice of appeal from the district court's summary judgment in favor of the defendant in this legal malpractice action. The defendant now moves to dismiss the appeal for lack of jurisdiction. The plaintiff has filed a response in opposition and the defendant has filed a reply.
 
 
 3
 For purposes of 28 U.S.C. Sec. 1291, final judgment was entered on September 24, 1990, when the district court entered summary judgment for the defendant. Pursuant to the provisions of Rule 4(a)(1), Fed.R.App.P., the plaintiff had thirty days from the entry of judgment, i.e., until October 24, 1990, in which to file his notice of appeal. The plaintiff's notice of appeal was filed on November 2, 1990. Timely filing of a notice of appeal is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978). Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). The notice of appeal filed on November 2 imparted no jurisdiction to this court.
 
 
 4
 In support of jurisdiction, plaintiff's counsel asserts that he timely filed a notice of appeal with the district court by placing the notice in the United States mail on October 24, 1990. He also argues that there was a delay in docketing the November 2 notice of appeal. A notice of appeal is filed within the meaning of Rule 4(a)(1) upon receipt by the district court clerk, not at the time of mailing. Baker v. Raulie, 879 F.2d 1396 (6th Cir.1989) (per curiam). The notice of appeal in this case was received by the district court clerk on November 2 and time stamped accordingly. The date on which the notice was docketed is immaterial because the notice was received after October 24, the last day of the 30-day appeal period.
 
 
 5
 It is therefore ORDERED that the defendant's motion to dismiss is granted.