933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul W. CAGLE, Guy R. Epperson, Steven A. McCullom, Terry
Norwood, Jeffrey L. Parker, Plaintiffs-Appellants,
v.
Dan GILLEY, Defendant,
Jim Ruth, Richard Taylor, Anthony Benefield, Don Bird,
Defendants-Appellees.
 No. 91-5556.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1991.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiffs have filed a notice of appeal from an order of the district court partially granting the defendants' motion for summary judgment and granting the defendants' motion to dismiss the plaintiffs' Fourteenth Amendment due process claims. The order does not dispose of plaintiffs' First Amendment claims against defendant Gilley. Plaintiffs have made no attempt to have this order certified for an interlocutory appeal. Defendant Gilley has pending before this court an appeal from that portion of the order that denied his motion for summary judgment on the grounds of qualified immunity. (Case No. 91-5417.)
 
 
 2
 This court has a duty to consider sua sponte whether appellate jurisdiction is properly invoked. Liberty Mutual Insurance Co. v. Wetzel, 424 U.S. 737, 740 (1976); Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). Generally, in the absence of a final order disposing of all of the claims, this court lacks jurisdiction to consider an appeal. See William B. Tanner Co. v. United States, 575 F.2d 101, 102 (6th Cir.1978) (per curiam); McIntyre v. First Nat'l Bank, 585 F.2d 190, 192 (6th Cir.1978) (per curiam). The order from which plaintiffs seek to appeal does not dispose of all of their claims against defendant Gilley.
 
 
 3
 The district court's order, to the extent it denies qualified immunity to defendant Gilley, is immediately appealable. See Kennedy v. City of Cleveland, 797 F.2d 297 (6th Cir.1986), cert. denied, 479 U.S. 1103 (1987). This court generally will not review other issues simply because there is before it an appeal on qualified immunity. See Huron Valley Hospital, Inc. v. City of Pontiac, 792 F.2d 563, 568 (6th Cir.), cert. denied, 479 U.S. 885 (1986). In the absence of a proper certification for interlocutory review, this court has no jurisdiction in plaintiffs' appeal.
 
 
 4
 It therefore is ORDERED that this action is dismissed sua sponte for lack of jurisdiction.