948 F.2d 1290
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Granville SHAKES; Cynthia Shakes, Plaintiffs-Appellants,
v.
EMPIRE DIE CASTING COMPANY; Henry Rogel; Richard Rogel,
Defendants-Appellees.
 No. 91-3767.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1991.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs are appealing the district court's order of dismissal in this civil rights case. The defendants now move to dismiss the appeal for lack of jurisdiction. The plaintiffs have filed their appellate brief but have not responded to the motion to dismiss.
 
 
 2
 For purposes of 28 U.S.C. § 1291, final judgment was entered on July 18, 1991, when the order dismissing the plaintiffs' case was entered on the district court's docket sheet. The plaintiffs filed their notice of appeal on August 20, 1991. Pursuant to Rule 4(a)(1), Fed.R.App.P., the plaintiffs had thirty (30) days from the entry of judgment in which to file a timely notice of appeal. Because the thirtieth day fell on a Saturday, the notice of appeal was due to be filed by Monday, August 19, 1991. The notice of appeal filed on August 20 was, therefore, late.
 
 
 3
 Compliance with the requirements of Rule 4(a)(1) is mandatory and jurisdictional. Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1019 (6th Cir.1983). This means that courts ordinarily reject notices filed only minutes or hours too late. Baker v. Raulie, 879 F.2d 1396 (6th Cir.1989) (per curiam). Upon review and consideration, the court concludes that the plaintiffs' appeal must be dismissed for lack of jurisdiction.
 
 
 4
 It is therefore ORDERED that the defendants' motion to dismiss is granted.