977 F.2d 580
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Samuel A. COSTELLO; Arthur Murray International, Inc.,
Plaintiffs-Appellees,
v.
Victor Dominic LUNGARO; Jon R. Burney, Trustee,
Defendants-Appellants.
 Nos. 92-3757, 92-3939.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1992.
 
 1
 Before DAVID A. NELSON and SILER, Circuit Judges, and MILES, Senior District Judge.*
 
 ORDER
 
 2
 Plaintiffs brought suit seeking to enjoin defendants from continued operation of an Arthur Murray dance studio and for damages. Defendants sought to compel arbitration and for a stay pending arbitration pursuant to 9 U.S.C. §§ 3 and 4. The district court denied defendants' motion on June 1, 1992, and denied their timely motion for reconsideration on June 19, 1992. Defendants then filed an additional motion for stay and to compel arbitration, which was denied on June 25, 1992. Defendants' appeal of the denial of their motion to compel arbitration and for a stay that is pending as Case No. 92-3757. In Case No. 92-3939, defendants appeal the district court's order denying their motion for a stay pending their appeal of Case No. 92-3757.
 
 
 3
 Non-binding arbitration is scheduled to begin in district court on September 29, 1992. Trial has been scheduled on a stand-by basis for the two-week period beginning November 30, 1992. In Case No. 92-3757, defendants now seek a stay of the proceedings in the district court pending appeal, and request an expedited ruling on the stay motion. Defendants do not argue the traditional stay factors, see Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991), but argue that they are entitled to a stay pending appeal as of right. Plaintiffs oppose the motion for a stay pending appeal.
 
 
 4
 Upon review, the court concludes that it lacks jurisdiction in Case No. 92-3757, and thus that appeal will be dismissed sua sponte. Although defendants had the right to appeal the denial of their motion to compel arbitration and for a stay, see 9 U.S.C. § 16(a)(1)(A) and (B), such an appeal must be taken within thirty days of the district court's ruling. Rule 4(a)(1), Fed.R.App.P. Defendants' timely motion for reconsideration tolled the time to appeal until the denial of the motion was entered on June 19, 1992. Defendants were required to filed their notice of appeal on or before July 20, 1992. See Rules 4(a)(4) and 26(a), Fed.R.App.P. Defendants did not file a notice of appeal on or before July 20, 1992, but once again requested that the district court compel arbitration and stay the litigation pending such arbitration. A second, or successive motion to reconsider a prior ruling of the district court does not, however, toll the time for filing a notice of appeal. See Moody v. Pepsi-Cola Metro. Bottling Co., 915 F.2d 201, 206 (6th Cir.1990). Defendants' notice of appeal, filed July 23, 1992, was not timely filed, and thus this court lacks jurisdiction in Case No. 92-3757. See Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam).
 
 
 5
 In Case No. 92-3939, defendants appeal the district court's denial of their motion for a stay pending their appeal of Case No. 92-3757. Assuming that we have jurisdiction of such an appeal, the appeal is rendered moot by the dismissal of Case No. 92-3757 for lack of jurisdiction.
 
 
 6
 It therefore is ORDERED that Case No. 92-3757 is dismissed sua sponte for lack of jurisdiction and Case No. 92-3939 is dismissed sua sponte as moot.
 
 
 
 *
 The Honorable Wendell A. Miles, U.S. Senior District Judge for the Western District of Michigan, sitting by designation