35 F.3d 565
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
B & J JACOBS CO., Plaintiff-Appellee,
v.
Jon NAGEL and Susan Nagel, Defendants-Appellants.
 No. 93-3288.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1994.
 
 Before: MERRITT, Chief Judge; and MILBURN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants Jon and Susan Nagel challenge portions of the district court's April 6, 1992, order resolving creditor claims against the A.R. Nagel Co. ("Arnco"). They also contest aspects of the district court's February 8, 1993, findings of facts and conclusions of law in the fraud action by B & J Jacobs Co. ("Jacobs") against them. We affirm.
 
 I.
 
 2
 Universal Contracting Corp. ("Universal"), a general contractor, contracted to do work at General Electric's Evendale, Ohio plant. Universal hired Jon Nagel's company, the now insolvent Arnco, as a heating, ventilation, and air-conditioning subcontractor. Arnco, in turn, subcontracted with Jacobs, Trane Co., Honeywell, Inc., Carrigan & Grimm, Inc., and Insul-Craft, Inc., to provide services and materials. Arnco failed to remain current on its obligations to these subcontractors. The subcontractors accordingly initiated proceedings for payment of mechanics' liens.[1] Jacobs, Honeywell, and Insul-Craft also filed fraud claims against Jon and Susan Nagel; the Nagels counterclaimed, alleging that the fraud action was wrongfully filed.
 
 
 3
 On April 6, 1992, the district court issued an order directing the entry of a final judgment against Arnco, Jon Nagel, and Susan Nagel in the action for payment of the mechanics' liens. The district court held a bench trial in the fraud action and, on February 8, 1993, decided that Jacobs relied on material misrepresentations knowingly made by Jon Nagel and that Jon Nagel was liable to Jacobs in the amount of $39,333.[2]
 
 II.
 
 4
 The Nagels raise several arguments challenging the district court's April 6, 1992 order in the action for payment of the mechanics' liens. They argue that the district court erred in holding that the subcontractors' claims against Arnco were valid and superior to Susan Nagel's claim, failing to note amounts that Universal owed to Arnco, failing to award Fed.R.Civ.P. 11 sanctions, disbursing more money to Jacobs than was owed to Jacobs under its mechanics' lien, and finding that there was no pre-existing dispute concerning sums owed by Arnco to Jacobs. Jon Nagel further asserts that there was no written contract between Arnco and Jacobs and that Jacobs assumed the risk of dealing with Arnco.
 
 
 5
 The Nagels also raise several arguments contesting the district court's February 8, 1993, findings of fact and conclusions of law in the fraud action. Jon Nagel argues that the court erred in holding him personally liable for fraud by Arnco and the Nagels together claim bias by the judge. Jon Nagel further argues that the court erred in making faulty factual findings, credibility determinations, and legal conclusions. The district court found that Jon Nagel lied to Universal and to Jacobs and that both parties relied on these misrepresentations. Universal continued to pay Arnco because it believed Arnco was paying its subcontractors and Jacobs continued to work for Arnco because he believed Arnco was not getting paid by Universal. The court determined that Jacobs incurred reliance damages in the amount of $39,333. Finally, Susan Nagel argues that the court erred in dismissing her counterclaim, failing to award Fed.R.Civ.P. 11 sanctions, and permitting the violation of her equal protection rights. The district court found that Jacobs joined Susan Nagel as a defendant because it mistakenly believed that she was a director or officer of Arnco. The court determined that this error was reasonable and did not support Susan Nagel's counterclaim.
 
 
 6
 We review all factual findings for clear error, Owens-Illinois, Inc. v. Aetna Casualty & Sur. Co., 990 F.2d 865, 870 (6th Cir.1993), and there is no clear error on the facts presented in this case. Furthermore, Jon Nagel fails to demonstrate that the district court erred in holding him personally liable for fraud by Arnco because the corporate veil may be pierced where there is an affirmative showing of fraud, as found in this case. See Belvedere Condominium Unit Owners' Assoc. v. R.E. Roark Cos., 617 N.E.2d 1075, 1085 (Ohio 1993). Still further, the Nagels waived their claim of judicial bias by failing to raise it in the district court. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). Finally, we have considered the remaining legal issues de novo, see Boyer v. Douglas Components Corp., 986 F.2d 999, 1003 (6th Cir.1993), and find no reversible error.
 
 
 7
 AFFIRMED.
 
 
 8
 MERRITT, Chief Judge, concurring.
 
 
 9
 The court gives no reason for rejecting the several arguments plaintiffs raise challenging the district court's April 6, 1992, order. I concur in the result and offer as the reason that plaintiffs waived these arguments when they did not appeal this order directly. Fed.R.App.P. 4(a); Baker v. Raulie, 879 F.2d 1398 (6th Cir.1989) (per curiam).
 
 
 
 [1]
 Trane later relinquished its claim due to a defect in its lien
 
 
 [2]
 By the time of trial, all of the complainants besides Jacobs had dropped their fraud claims