UNITED STATES of America, Plaintiff–Appellee,

v.

1995 CHEVROLET TAHOE, VIN 1GNEC13K3SJ398583, with all Appurtenances and Attachments thereon, Defendant,

Robert Holmes, Claimant–Appellant.

No. 00–6363.

United States Court of Appeals, Sixth Circuit.

Feb. 6, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

This matter is before the court upon consideration of the appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction on the basis of a late notice of appeal. Appellant responded indicating that he was in transit at the time the district court's decision was entered and that he didn't receive the decision until September 18, 2000.

It appears from the documents before the court that the district court's decision was entered April 24, 2000 and an amended judgment was entered May 11, 2000. The notice of appeal filed on October 2, 2000 was late. *See* Fed. R.App. P. 4(a) and 26(a).

The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R.App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. *Baker v. Raulie,* 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). No Fed. R.App. P. 4(a)(5) motion for an extension of time or Fed.

R.App. P. 4(a)(6) motion to reopen the appeal period were filed. Fed. R.App. P. 26(b) specifically provides that this court may not enlarge the time for filing a notice of appeal.

Accordingly, it is ordered that the appeal is dismissed for lack of jurisdiction.