Anthony **RICHARDSON,**
**Plaintiff–Appellant,**

v.

Paul H. **RENICO, et al., Defendants–**
**Appellees.**

No. 03–2566.

United States Court of Appeals,
Sixth Circuit.

March 25, 2004.

Before BATCHELDER, COLE, and GIBBONS, Circuit Judges.

*ORDER*

This matter is before the court upon consideration of the appellant's responses to the appellees's motion to dismiss and to this court's order directing the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction on the basis of a late notice of appeal. The appellant's response filed on January 26, 2004 states that he did not receive a separate judgment, that he had surgery, that he has been unable to obtain counsel, that he was granted thirty days to file a motion for waiver of the filing fee, that the waiver of the filing fee and that the notice served the same as a grant of an enlargement of time, and that he filed a motion for an extension of time on January 15, 2004 upon the filing of his appellate brief. The appellant's re-

sponse of February 2, 2004 states that he received the judgment on October 14, 2004; that his notice of appeal is considered filed on the date it is given to prison authorities for mailing; that he mailed his notice of appeal on November 14, 2003; and that he is not represented by counsel.

It appears from the documents before the court that the district court's order and separate judgment dismissing the case were entered October 14, 2003. Any notice of appeal was due to be filed on or before November 13, 2003 which was thirty days from entry of the district court's judgment. *See* Fed. R.App. P. 4(a)(1). The notice of appeal mailed on November 14, 2003 and filed on November 18, 2003 was late. *See* Fed. R.App. P. 4(a) and 26(a). No motion for an extension of time for filing the notice of appeal was filed within the time provided by Fed. R.App. P. 4(a)(5), and no extension of time for filing the notice of appeal was granted by the district court.

The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R.App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. *Baker v. Raulie,* 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam). Fed. R.App. P. 26(b) specifically provides that this court may not enlarge the time for filing a notice of appeal.

Accordingly, it is ordered that the appeal is dismissed for lack of jurisdiction.