**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 12a0203n.06

No. 10-6060

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Feb 21, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| THOMAS NEAL JACKSON, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| LARRY D. CHANDLER, Warden, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE:  MERRITT and COOK, Circuit Judges; and COX, District Judge.[*]

PER CURIAM.  Thomas Neal Jackson, a Kentucky prisoner, appeals a district court order denying his motion for an extension of time to file a notice of appeal.  Finding no abuse of discretion, we affirm.

In 2008, Jackson filed a habeas corpus petition under 28 U.S.C. § 2254, challenging his 2002 conviction for murder, for which he was sentenced to thirty-three years in prison.  Jackson was represented by Meggan Smith, a state public defender, who was assigned Jackson's case at the conclusion of his state post-conviction proceedings.  The district court dismissed the petition as untimely, concluding that it was filed twenty days after the limitations period ended and that counsel's error in calculating the timeliness of the petition did not warrant equitable tolling.  The district court's order and judgment were entered on March 26, 2010.

---

[*]The Honorable Sean F. Cox, United States District Judge for the Eastern District of Michigan, sitting by designation.

The deadline for Jackson to file a timely notice of appeal was April 26, 2010. *See* Fed. R. App. P. 4(a)(1), 26(a)(1). Jackson did not file his notice of appeal until April 29, 2010, and this court ultimately dismissed his appeal as untimely. In the meantime, Jackson moved the district court for an extension of time in which to file an appeal. In the motion, Smith stated that she had prepared the notice of appeal on April 27, 2010, "one day before it was due to be filed," but neglected to tell her administrative assistant to send it via overnight mail, resulting in the notice being received "one day past the deadline for filing." We note, however, that Jackson's notice of appeal was actually three days late, not one. Smith calculated the last day for filing a timely appeal as April 28, 2010, by adding three days for service under Federal Rule of Appellate Procedure 26(c). That rule does not extend the time to file a notice of appeal. *See Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 416 (6th Cir. 2010) ("[T]he Rule 4 clock starts when a judgment is entered, not when service of the judgment is effected.").

The district court denied the motion. Like the parties, the district court treated Jackson's notice of appeal as being filed just one day late, but it concluded that counsel's oversight did not constitute "excusable neglect," as required to grant an extension. *See* Fed. R. App. P. 4(a)(5). Jackson filed this timely appeal.

District courts have only limited authority to grant an extension of the thirty-day time limit for filing an appeal. *See* 28 U.S.C. § 2107(c); *Bowles v. Russell*, 551 U.S. 205, 208 (2007). Relevant to this case, a district court may grant a motion for an extension of time if the moving party "shows excusable neglect or good cause," provided the motion is filed within thirty days of the expiration of the time prescribed for filing an appeal. Fed. R. App. P. 4(a)(5)(A). We review the

denial of a motion for an extension of time for an abuse of discretion. *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006).

Whether neglect is "excusable" is an equitable determination that weighs "all relevant circumstances," including the danger of prejudice to the other party, the length of the delay and its effect on the judicial proceeding, the reason for the delay and whether it was within the moving party's control, and whether the moving party acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). The excusable neglect standard is "strict, and can be met only in extraordinary cases." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005) (quoting *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). Clients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect. *See Pioneer*, 507 U.S. at 392, 396; *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 594-95 (6th Cir. 2002).

The district court in this case found no extraordinary circumstances warranting relief, noting that the filing of a notice of appeal is a routine task, counsel offered no explanation for her failure to prepare and mail the notice of appeal earlier, and being busy with other matters does not constitute excusable neglect. *See Baker v. Raulie*, 879 F.2d 1396, 1400 (6th Cir. 1989).

Jackson argues that the district court abused its discretion by failing to consider all of the factors set forth in *Pioneer* and that its reliance on *Baker* was misplaced. But the *Pioneer* factors "do not carry equal weight; the excuse given for the late filing must have the greatest import." *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (citation omitted), *cert. denied*, 131 S. Ct. 1813 (2011); *see United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996) (explaining that the district court must examine questions of prejudice and bad faith only after finding excusable neglect).

Accordingly, the district court did not abuse its discretion by focusing on the proffered reason for the delay.

Nor did the district court abuse its discretion by concluding that counsel's error did not constitute excusable neglect. Jackson's attempt to distinguish *Baker* is unpersuasive. In that case, counsel prepared and mailed the notice of appeal on the day it was due, September 2, and it arrived in the district court on the following business day. *Baker*, 879 F.2d at 1397. Counsel explained that he missed the deadline because he was involved in another trial from August 22 until September 2. *Id.* We held that the district court abused its discretion by granting an extension, reasoning that counsel did not address the "obvious question" of why he did not file the notice of appeal before the other trial began, that the filing of a notice of appeal does not take much thought or time, and that being busy with other matters does not constitute excusable neglect. *Id.* at 1399-1400. Smith did not prepare the notice of appeal until after the deadline had passed, which makes her asserted excuse – that she forgot to tell her administrative assistant to use overnight mail – even less compelling. And, as in *Baker*, Smith offered no explanation for not filing the notice of appeal earlier in the thirty-day time period. Under such circumstances, counsel's conduct "may well amount to neglect, but it is not excusable." *Id.* at 1400.

For these reasons, we affirm the district court's judgment.