NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0336n.06

No. 14-5334

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
May 07, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RALPH ROBINSON, | ) | |
| | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHERMAN FINANCIAL GROUP, LLC | ) | |
| | ) | ON APPEAL FROM THE |
|     Defendant, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| and | ) | DISTRICT OF TENNESSEE |
| | ) | |
| HOSTO & BUCHAN, | ) | |
| | ) | |
|     Defendant-Appellant. | ) | |

Before: KETHLEDGE and WHITE, Circuit Judges; LUDINGTON, District Judge.[*]

LUDINGTON, District Judge. After a two-day trial, a jury determined that Defendant-Appellant Hosto & Buchan, PLLC ("Hosto") had violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), and awarded Plaintiff-Appellee Ralph Robinson $1,000.00 in statutory damages. Hosto appealed, contending the district court erred in admitting certain pieces of unauthenticated hearsay evidence. Because Hosto's appeal is untimely, however, the appeal must be dismissed.

---

[*] The Honorable Thomas L. Ludington, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I.

On January 23, 2012, Robinson sued five defendants—Hosto, Sherman Financial Group, LLC; LVNV Funding LLC; Resurgent Capital Services L.P.; and R. Scott Batson—for violations of the FDCPA. A two-day trial began on November 18, 2013, and the jury returned a verdict finding that only Hosto had violated the FDCPA. Verdict, PageID 1087. The jury awarded $1,000.00 in statutory damages to Robinson for Hosto's violation. *Id.*, PageID 1088.

Hosto then filed a Brief in Support of a Directed Verdict[1] (which renewed its oral motion for judgment as a matter of law), which the district court denied on February 5, 2014. Order on Directed Verdict, PageID 1144-45. That same day, the district court entered judgment on a prepared form, stating that "[t]he court has ordered that the plaintiff Ralph Robinson recover from the defendant LVNV Funding, LLC. et al. the amount of One thousand dollars ($1,000.00) . . . ." *Id.* About three weeks later, on February 26, 2014, the district court sua sponte entered an amended judgment that stated "[t]he court has ordered that the plaintiff Ralph Robinson recover from the defendant Hosto & Buchanan, PLLC the amount of _____ dollars ($1,000.00) . . . ."[2] Am. J., PageID 1147. The district court did not explain why it amended the judgment. Hosto filed a notice of appeal on March 21, 2014.

## II.

Before addressing the merits of Hosto's substantive appeal, this court must determine whether it has jurisdiction over the appeal. Robinson contends that Hosto's notice of appeal was untimely, and that the appeal must be dismissed.

---

[1] Although titled as a "Motion for Directed Verdict," Hosto brought the motion pursuant to Federal Rule of Civil Procedure 50, which governs motions for judgment as a matter of law.
[2] The amended judgment does not include a written amount but does include a numerical amount of $1,000.00.

In a civil case, Federal Rule of Appellate Procedure 4(a)(1) requires an appellant to file a notice of appeal within 30 days of the entry of the judgment or order being appealed. "The failure of appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R. App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend." *Rhoden v. Campbell*, 153 F.3d 773, 774 (6th Cir. 1998) (citing *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989) (per curiam)).

Generally, the time to appeal commences when a final decision is entered by the district court. Fed. R. App. P. 4(a)(1)(A). An exception exists, however, where a district court subsequently amends a final decision by incorporating material changes. *Federal Trade Commission v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211–12 (1952). Material changes are those that "change[] matters of substance, or resolve[] a genuine ambiguity, in a judgment previously rendered . . . ." *Id.* at 211. The key question is whether changes to an amended order "disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality." *Id.* at 212. At issue, then, is whether the district court's amended judgment introduced a material change that resolved a genuine ambiguity or otherwise altered Hosto's legal rights or obligations.

On November 19, 2013, the jury returned a verdict finding that Robinson had proved by a preponderance of the evidence that Hosto violated the FDCPA but had not proved that the other remaining defendants (LVNV Funding, LLC, Resurgent Capital Services, LP, and R. Scott Batson[3]) had violated the FDCPA. *Id*. The jury then awarded Robinson $1,000.00 in statutory damages. *Id*., PageID 1088.

---

[3] The district court previously dismissed all claims against defendant Sherman Financial Group, LLC. PageID 801.

The district court entered judgment against "LVNV Funding, LLC et al." on February 5, 2014, and then entered an amended judgment against "Hosto & Buchanan, PLLC"[4] on February 26, 2014, without explanation. Hosto contends that its appeal time should be calculated from the date the clerk of the court entered the later, amended judgment.

The amended judgment clarifies that the judgment is entered against Hosto alone. Although the amended judgment altered Hosto's codefendants' obligations, the corrected judgment did not alter Robinson's right to collect from Hosto or Hosto's obligation to pay Robinson, and therefore, the amended judgment did not substantially change the prior judgment as it related to Hosto. *See Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 394 (6th Cir. 1993) (holding that modified decision did not begin a new period to take appeal because the modified decision did not alter the previous order from which appellant sought review). Indeed, Hosto does not allege that the amended judgment altered its legal rights or obligations. At best, Hosto claims that the original judgment "created ambiguity." Appellant's Reply 3. Hosto does not explain the alleged ambiguity, however, and it is difficult to see what the ambiguity would be in light of the verdict form. The jury determined that only Hosto had violated the FDCPA and should pay $1,000.00 in damages; accordingly, Hosto was the only defendant against whom the district court could have entered the $1,000.00 judgment. Taking the entire record as a whole, there was no genuine ambiguity in the original judgment.

The cases on which Hosto relies are inapposite because they address the substantive requirements of an appellant's notice of appeal. Hosto explains that the Sixth Circuit has repeatedly concluded that the term "et al." insufficiently identifies which parties are appealing a district-court judgment. *See, e.g., 37712, Inc. v. Ohio Dep't of Liquor Control*, 113 F.3d 614,

---

[4] Defendant's name is "Hosto & Buchan, PLLC" so the amended judgment still contains a typographical error.

618 n.6 (6th Cir. 1997) ("In this circuit, the term 'et al.' is insufficient to designate the appealing

parties in a notice of appeal . . . ." (internal quotations and citations omitted)). But the issue here

is not the content of Hosto's notice of appeal, but rather the timing of it.

For purposes of Rule 4, the entry of judgment on February 5, 2014, began the 30-day

time-period in which to appeal. Hosto filed an untimely notice of appeal forty-four days later, on

March 21, 2014, and therefore the appeal must be dismissed.[5]

## III.

The appeal is dismissed as untimely.

---

[5] We note that Robinson's motion for attorney fees and costs (R. 115), which was filed on March 5, 2014, relies on the February 26, 2014 amended judgment. *See* Fed. R. Civ. P.(d)(2)(B)(i). We leave to the district court to determine the effect this ruling has on the issues stayed and pending below, if any.