**Clarissa MARSH, Petitioner–Appellee,**

v.

**Gloria RICHARDSON,
Respondent–Appellant.**

**Nos. 88–1464, 88–1606.**

United States Court of Appeals,
Sixth Circuit.

Argued March 20, 1989.

Decided April 28, 1989.

Rehearing Denied May 22, 1989.

Steven R. Whalen (argued) Detroit, Mich., for petitioner-appellee.

Timothy A. Baughman, Office of the Pros. Atty., Jeffrey W. Caminsky (argued), County of Wayne Prosecutor's Office, Detroit, Mich., for respondent-appellant.

Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.

MERRITT, Circuit Judge.

Respondent, warden of a Michigan penal institution, challenges the granting of a writ of *habeas corpus* to petitioner, Clarissa Marsh, serving a term of life imprisonment for felony murder and assault with intent to commit murder. For the reasons hereinafter stated, we dismiss this appeal for lack of appellate jurisdiction because the respondent did not file a timely notice of appeal.

Marsh and co-defendant Williams were found guilty of assault with intent to commit murder and felony murder on April 23, 1979. After being denied relief by the Michigan appellate courts, Marsh petitioned the District Court for a writ of *habeas corpus*. After further proceedings, including review by the Supreme Court, *Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), reversing 781 F.2d 1201 (6th Cir.1986), the case was remanded to the District Court.

On March 23, 1988, the District Court granted the writ. Respondent filed a late notice of appeal on April 29, 1988, more

than thirty days after final judgment was entered by the District Court. Petitioner then filed with this Court a motion to dismiss the appeal on the grounds that the notice was untimely filed.

On May 16, 1988, respondent filed with the District Court a motion under Rule 4(a)(5), Fed.R.App.P.[1], to extend the time period within which to file an appeal. In the motion, counsel for respondent averred the following:

1) Counsel was not aware of the March 23, 1988 decision at the time he left for vacation on March 28, 1988;

2) Counsel did not become aware of the decision until April 19, 1988, seven days after his return from vacation;

3) Counsel miscalculated the time period for filing, and thus believed that notice mailed on April 28, 1988, and received by the clerk on April 29, 1988 would be timely;

4) The delay in filing was not culpable and should be excused because of his "excusable neglect" and the importance of this case.

On May 26, 1988, the District Court granted respondent's motion for an extension of time to file. Specifically, the court held that counsel's vacation, his lack of knowledge that the underlying judgment had issued, the workload handled by his agency and the important nature of the legal issues presented established "good cause" for the tardy filing.

■ The case is now before us on petitioner's motion to dismiss the appeal and respondent's application for review of the underlying decision on the merits. The standard of review of the District Court's order granting the extension is abuse of discretion, but that standard is not openended. *Ferguson v. Prudential Ins. Co.*, 399 F.2d 47 (6th Cir.1968) (construing predecessor to current rule); *Consolidated Freightways Corp. v. Larson*, 827 F.2d 916, 918 (3d Cir.1987), *cert. denied,* — U.S. ——, 108 S.Ct. 762, 98 L.Ed.2d 775

(1988); *Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat*, 808 F.2d 1249, 1251 (7th Cir.1987); *In re O.P.M. Leasing Services, Inc.*, 769 F.2d 911 (2d Cir.1985); *Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1301 (9th Cir.1982). Because we find that the District Court did not apply the correct standard of "excusable neglect or good cause," we reverse and dismiss the appeal.

■ It is well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances. *See, e.g., Reinsurance*, 808 F.2d at 1251–52; *Oregon*, 680 F.2d at 1301. Although the language of the rule allows extension of time upon a showing of either "good cause" or "excusable neglect," the Advisory Committee Notes state that "good cause" is applicable *only* to cases where the motion to extend is filed before the 30–day time period expires. Advisory Committee Notes to 1979 Amendment to Fed.R.App.P. 4(a)(5). Thus, the District Court erred in evaluating respondent's motion under the "good cause" standard. The grant of the extension should be evaluated under the "excusable neglect" standard.

■ Although not further defined in Rule 4(a)(5), the excusable neglect standard has consistently been held to be "strict," and can be met only in extraordinary cases. *Reinsurance*, 808 F.2d at 1251; *Oregon*, 680 F.2d at 1302; *Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.*, 569 F.2d 1174, 1175 (1st Cir.1978) (construing predecessor to current rule); *Levisa Stone Corp. v. Elkhorn Stone Co.*, 411 F.2d 1208 (6th Cir. 1969) (construing predecessor). The errors made by respondent's counsel are not excusable by this standard. Indeed, counsel made not one, but three mistakes regarding the filing of the notice of appeal. First, counsel did not learn of the judgment in the five days between its entry by the District Court and his departure for vacation, although there is no dispute that his office

---

**1.** Rule 4(a)(5) provides in pertinent part:
The district court, *upon a showing of excusable neglect or good cause,* may extend the time for filing a notice of appeal upon motion filed

not later than 30 days after the expiration of the time prescribed by this Rule 4(a).
Fed.R.App.P. 4(a)(5) (emphasis added).

received notice of it. He apparently had no system to bring it to his attention. Second, counsel did not learn of the decision immediately upon his return some two weeks later—apparently because he has no system—but learned of it seven days after return from his vacation, almost three weeks after judgment was entered. Third, counsel did not file the notice of appeal during the five days remaining in the 30–day period but instead "miscalculated" the time period for filing and filed the notice late. Such errors by counsel indicate a serious lack of diligence and inattention to the everyday detail of the practice of law. Most trial lawyers know that meeting time deadlines is a part of what their practice is all about. Most know that meeting deadlines is a major part of appellate practice because the failure to file certain documents like the notice of appeal creates a jurisdictional defect. *See Torres v. Oakland Scavenger Co.*, — U.S. —, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).

Courts in similar circumstances have declined to extend the time for filing the notice of appeal. In *Consolidated Freightways*, 827 F.2d 916, the Seventh Circuit affirmed the District Court's refusal to extend the time period to appeal a $300,000 judgment against defendant where counsel's failure to timely learn of the judgment and an uncontrollable delay in the mail cause tardy filing of the notice of appeal. In *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411 (9th Cir.1986), the Ninth Circuit affirmed the District Court's refusal to grant an extension, holding that "excusable neglect" does not include inadvertence or mistake of counsel. In *Airline Pilots*, 569 F.2d at 1175, the First Circuit reversed the District Court's grant of an extension, holding that a simple mistake by the lawyer or his staff is not neglect which is excusable in the absence of unusual circumstances. Finally, in *Pinero–Schroeder v. Federal National Mortgage Ass'n*, 574 F.2d 1117, 1118 (1st Cir.1978), the First Circuit reversed the District Court's grant of an extension, finding that the filing of a notice of appeal does not require much thought or time and that the fact that an attorney was "busy" on another matter did not constitute excusable neglect.

Respondent's argument that reversal of the District Court would "read[ ] the term neglect out of the rule" is not persuasive. *See* Appellant's Brief at 25. *Consolidated Freightways*, 827 F.2d 916, cited by respondent, is contrary to her position. In *Consolidated*, the Third Circuit held that the excusable neglect standard was not so narrow as to encompass only that neglect beyond the control of counsel. *Id.* at 919. The court continued that Rule 4(a)(5) would excuse inadvertence which occurs despite counsel's affirmative efforts to comply but not that which results from counsel's lack of diligence. The court in *Consolidated*, therefore, allowed an extension where counsel's only mistake was direction of the notice of appeal to the state rather than to the federal district court, resulting in the notice being untimely filed with the federal district court.

In this case, however, counsel's mistakes cannot be said to have occurred despite his affirmative efforts to comply. Counsel for respondent offers no reasonable explanation for his failure to know of the judgment. Nor does counsel adequately explain his failure to timely file once he admits that he became aware of the judgment. These errors, taken together, indicate the type of inadvertence arising from lack of diligence condemned in all of the cases discussed above.

We also note one final point in this *habeas corpus* case. Counsel for the state authorities in this Circuit in such cases are quick to insist that Rule 4(a)(5) should be strictly enforced and that the appeals of *habeas corpus* petitioners and criminal defendants should be dismissed promptly if untimely. Our Court has enforced the Rule strictly in such cases, and we see no reason for relaxing the Rule when it is the prosecution rather than the defense which has missed the deadline through lack of diligence.

We, therefore, reverse the order of the District Court granting respondent an extension of time in which to file the notice of

appeal. The appeal of respondent is, therefore, dismissed.