894 F.2d 1337
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Eric SPRAGGINS, Plaintiff-Appellant (88-1814/1815),
Plaintiff-Appellee (88-1686),
v.
The CITY OF DETROIT and Michael Scott, Defendants-Appellees
(88-1814/1815), Plaintiffs-Appellants (88-1686).
 Nos. 88-1686, 88-1814 and 88-1815.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1990.
 
 1
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and ROBERT HOLMES BELL, District Judge.*
 
 ORDER
 
 2
 This matter comes before us on a motion by plaintiff Eric Spraggins to dismiss the appeal of defendant City of Detroit for lack of jurisdiction. Citing this court's recent decision in Marsh v. Richardson, 873 F.2d 129 (6th Cir.1989), the movant contends that on the facts of the present case it was reversible error for the district court to grant the City an extension of time for filing a notice of appeal. We agree.
 
 
 3
 Eric Spraggins brought suit against the City of Detroit and other defendants on January 21, 1986, alleging that certain members of the City's police department had maliciously assaulted him, causing various physical and psychological injuries, in violation of both the Michigan and United States Constitutions. On March 22, 1988, a jury awarded Mr. Spraggins $1,912,000 in compensatory damages and $500,000 in punitive damages.
 
 
 4
 The City then moved for judgment notwithstanding the verdict or, in the alternative, a new trial. On May 23, 1988, both branches of the motion were denied.
 
 
 5
 Under Federal Rule of Appellate Procedure 4(a)(1), the City had 30 days, or until June 23, 1988, to file a notice of appeal with the district court. No notice was tendered for filing until June 24, 1988. At that time the City moved under Rule 4(a)(5) for an extension of time in which to file its notice of appeal. On July 14, 1988, the district court entered an order granting the motion. Mr. Spraggins appealed that order. On June 6, 1989, shortly after the issuance of our opinion in Marsh v. Richardson, Mr. Spraggins filed the present motion for dismissal.
 
 
 6
 "Compliance with the strict requirements of Rule 4(a)(1) is mandatory and jurisdictional." Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989); see Budinich v. Becton Dickinson and Co., 486 U.S. 196. Exceptions to strict compliance with Rule 4(a)(1) are made in cases where a party urging acceptance of a late-filed notice of appeal can demonstrate "excusable neglect." Marsh v. Richardson, 873 F.2d 129 (6th Cir.1989). The City contends that excusable neglect did underlie its failure to file a timely notice of appeal here. The City argues that trial counsel was not formally notified of the denial of its motion for judgment n.o.v. or for new trial until several days after May 23, 1989. Further, immediately after formal notification, the City's trial counsel departed for a vacation, returning to her office on June 14, nine days prior to the expiration of the appeal period. Because of a series of assumptions that proved to be erroneous, trial counsel believed that the notice of appeal had been filed in her absence.
 
 
 7
 In Marsh v. Richardson we noted that "[T]he excusable neglect standard has consistently been held to be 'strict,' and can be met only in extraordinary cases." 873 F.2d at 130. Excusable neglect which "occurs despite counsel's affirmative efforts to comply" may be excused by Rule 4(a)(5), "but not that which results from counsel's lack of diligence." Id. at 131. The reasons the City proffers for its failure to file a timely notice of appeal do not rise to the level of excusable neglect; the City's late filing resulted solely from a lack of diligence on the part of counsel.
 
 
 8
 In light of this, we hold that the district court committed clear error in granting the extension of time in which to file the notice of appeal. The appeals are DISMISSED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Court for the Western District of Michigan, sitting by designation