902 F.2d 35
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David Edward SHUMAKER, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF SOCIAL SERVICES, Defendant-Appellee.
 Nos. 89-1769, 90-1003.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1990.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 In these appeals plaintiff, David Edward Shumaker, seeks review of a judgment of the district court dismissing his civil rights action and a subsequent order denying his motion for an extension of time in which to file a notice of appeal. Upon review of the record and plaintiff's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff filed a complaint pursuant to 42 U.S.C. Sec. 1983 in the District Court for the Eastern District of Michigan. Seeking compensatory and punitive damages of $100,000,000, he alleged that defendant, the Michigan Department of Social Services, had improperly denied his application for medical and general assistance benefits. In a judgment entered on May 19, 1989, however, the district court over plaintiff's objections adopted a magistrate's report and recommendation and granted defendant's motion to dismiss the complaint. On June 26, 1989, thirty-eight days later, plaintiff filed a notice of appeal from that judgment, case no. 89-1769. This court subsequently construed that notice of appeal as a motion for an extension of time in which to file a notice of appeal pursuant to Fed.R.App.P. 4(a)(5) and instructed the district court to rule on that motion. The district court denied the motion for an extension of time on December 14, 1989, and plaintiff filed a notice of appeal from that order, case no. 90-1003.
 
 
 3
 This court has determined that the district court did not err in denying the motion for an extension of time in which to file a notice of appeal. The judgment dismissing the complaint discloses that the clerk of the district court mailed a copy of that document to plaintiff in conformity with the provisions of Fed.R.Civ.P. 77(d). As a result, that rule precludes plaintiff from relying upon his alleged failure to receive notice of the district court's judgment as a means of establishing neglect which would entitle him to an extension of time. The district court therefore did not abuse its discretion in denying the motion for an extension of time in which to file a notice of appeal. Marsh v. Richardson, 873 F.2d 129, 130 (6th Cir.1989).
 
 
 4
 Based upon that conclusion, this court has also determined that case no. 89-1769 must be dismissed for want of jurisdiction. The district court entered judgment in that case on May 19, 1989, thereby giving plaintiff until June 19, 1989, to file a notice of appeal. Fed.R.App.P. 4(a)(1). Plaintiff's notice of appeal was filed on June 26, 1989, and was seven days late. As the court has already concluded that he failed to establish excusable neglect to warrant an extension of time under Fed.R.App.P. 4(a)(5), the notice of appeal in case no. 89-1769 is clearly late and the appeal must be dismissed for want of jurisdiction. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983).
 
 
 5
 Accordingly, the district court's order in case no. 90-1003 is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit. Furthermore, case no. 89-1769 is hereby dismissed for want of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.