933 F.2d 1008
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DE-LIN CAPITAL, INC., Alfred Deflorentis, Plaintiffs,
Michael R. Polin, Barry K. Rothman, Law Offices of Barry K.
Rothman, Real Parties in Interest-Appellants,
v.
HUMANA, INC., William C. Ballard, Jr., Hillary J. Boone,
Jr., Wendell Cherry, Michael E. Gellert, J. David Grissom,
David A. Jones, John W. Landrum, Carl F. Pollard, David C.
Scott, Charles L. Weisberg, William T. Young, Does 1 Through
100, Defendants-Appellees.
 No. 90-5763.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1991.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 The real parties in interest-appellants, Michael R. Polin, Barry K. Rothman, and the Law Offices of Barry K. Rothman, appeal from an order entered by the district court on May 21, 1990, denying the appellants' motion for an extension of time within which to file a notice of appeal. For the reasons that follow, this court affirms the district court's denial of an extension of time.
 
 
 2
 The appellants sought an extension of time to appeal an order that was entered by the district court on March 16, 1990. In that order, the district court dismissed with prejudice the complaint filed against the defendants-appellees and awarded sanctions against the plaintiffs and the appellants in the amount of $20,000 pursuant to Fed.R.Civ.P. 11. The district court also ordered the case returned to the United States District Court for the Central District of California for an allocation of the imposed sanctions between the client and the attorneys.
 
 
 3
 Although appellants had local counsel representing them in a hearing before the District Court for the Western District of Kentucky concerning the issue of sanctions, the notice of the March 16 order imposing sanctions was not forwarded to them or their local Kentucky counsel. The appellants had failed to monitor the docket sheet in the Kentucky case and learned of the order after the time for filing a notice of appeal had expired. In denying the appellants' motion for an extension of time pursuant to Fed.R.Civ.P. 4(a)(5), the district court acknowledged that the appellants had not received notice of its order imposing sanctions.
 
 
 4
 The denial of a motion to extend the time within which to file a notice of appeal is reviewed pursuant to an abuse of discretion standard. Baker v. Raulie, 879 F.2d 1396, 1399 (6th Cir.1989). The timely filing of a notice of appeal in compliance with the thirty-day filing requirement of Fed.R.Civ.P. 4(a)(1) is mandatory and jurisdictional. Budinich v. Becton Dickinson & Co., 486 U.S. 196, 203, 108 S.Ct. 1717, 1722 (1988). A notice of appeal filed thirty days after a judgment has been docketed may be granted pursuant to Fed.R.Civ.P. 4(a)(5) only upon a showing of excusable neglect. This standard is "strict" and can be satisfied only in "extraordinary cases." Marsh v. Richardson, 873 F.2d 129, 130 (6th Cir.1989). The failure to monitor the docket does not constitute excusable neglect. Mennen C. v. Gillette Co., 769 F.2d 568, 570 (2d Cir.1983).
 
 
 5
 Thus, the district court, under the facts of this case, did not abuse its discretion in concluding there was no excusable neglect. The order denying the appellants' motion for an extension of time within which to file a notice of appeal is AFFIRMED.