12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sandra MILLER, Defendant-Appellant.
 No. 93-1425.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1993.
 
 Before: NELSON and BATCHELDER, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Sandra Miller appeals the district court's Order denying her request for an extension of time to file her notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b). We affirm the district court's determination for the following reasons.
 
 I.
 
 2
 On August 5, 1992, defendant-appellant Sandra Miller ("Miller") and nine others were named in a twelve-count Indictment arising from a student assistance fraud scheme whereby fraudulent applications for PLUS loans (Parent Loans for Undergraduate Students) were submitted with false social security numbers, fictitious names, bogus certificates of attendance, and fictitious addresses, to lending institutions. Trial was scheduled for November 3, 1992.
 
 
 3
 On October 29, 1992, Miller pleaded guilty to Count One of the Indictment ("conspir[acy] to defraud the United States and the United States Department of Education, and to commit against the United States the felony offenses of student assistance fraud, mail fraud, and false use of social security numbers") pursuant to a Rule 11 Plea Agreement whereby the parties agreed that Miller's sentence would not exceed 30 months.
 
 
 4
 After denying Miller's request for a two-level acceptance of responsibility adjustment, and after determining Miller's applicable sentencing range to be 24-30 months, the district court judge sentenced Miller to 24 months imprisonment, to be followed by three years of supervised release, ordered restitution in the aggregate amount of $83,968 (owed jointly and severally by the defendants), and imposed a mandatory special assessment of $50. Immediately thereafter, the district court judge informed Miller of her right to appeal:
 
 
 5
 THE COURT: [O]n the record, now, I advise you, Sandra Miller, you have a right to appeal.
 
 
 6
 If you're unable to pay the costs, you have a right to apply for relief in forma pauperis [if] you're without funds to defray expenses of an appeal.
 
 
 7
 If you request, the Clerk of the court will prepare and file on your behalf a notice of appeal.
 
 
 8
 Please don't hear this judge as recommending that you appeal. In your circumstances, you have a very generous Rule 11 Agreement that's been carefully negotiated.
 
 
 9
 This case falls squarely within the guidelines and the court heard nothing that would allow the court to depart below the guidelines.
 
 
 10
 Joint Appendix at 133-34. Miller's sentence was imposed on January 22, 1993, filed on January 25, 1993, and entered on January 27, 1993. Joint Appendix at 4, 31.
 
 
 11
 On March 1, 1993, Miller filed an untimely notice of appeal and an Affidavit of Excusable Neglect (which the district court construed as a motion to extend the time for filing a notice of appeal):
 
 
 12
 JAMES C. THOMAS, being first duly sworn and in support of the attached Notice of Appeal, pursuant to Rule 4 of the Federal Rules of Appellate Procedure, deposes and says as follows:
 
 
 13
 1. That he is the attorney retained to represent Defendant in the above-referenced matter.
 
 
 14
 2. That upon contact with my client, it has been determined that she wishes to appeal her sentence to address issues relating to sentencing enhancements under the United States Sentencing Guidelines as well as for the District Court's failure to depart for her acceptance of responsibility in light of her guilty plea, and her acknowledgment that she was involved in a scheme to defraud.
 
 
 15
 3. That this Defendant presents a person who has serious medical problems and psychological problems and does not appear to be capable of understanding the nature and extent of her rights under the law.
 
 
 16
 4. That the Defendant was represented by Mr. Joseph Lutomski up and until February 22, 1993 and was unaware of her ability to file an appeal at that late date.
 
 
 17
 5. The Federal Rules of Appellate Procedure, Rule 4(b), provide that with or without motion, upon a showing of excusable neglect, the Court may extend the time for filing a Notice of Appeal for a period of time not to exceed thirty days from the expiration of the ordinary ten day requirement.
 
 
 18
 Affidavit of Excusable Neglect at 1-2.
 
 
 19
 On or about March 12, 1993, the district court, finding no excusable neglect, denied Miller's request that she be permitted to file a late notice of appeal. Miller thereafter filed a timely notice of appeal challenging the district court's Order.
 
 II.
 
 20
 The Federal Rules of Appellate Procedure specify the time within which a defendant must file his or her notice of appeal:
 
 
 21
 In a criminal case the notice of appeal by a defendant shall be filed in the district court within 10 days after the entry of (i) the judgment or order appealed from or (ii) a notice of appeal by the Government. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof.... A judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket. Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.
 
 
 22
 Fed.R.App.P. 4(b). Compliance with Rule 4(b) is a jurisdictional requirement. United States v. Hatfield, 815 F.2d 1068, 1073 (6th Cir.1987).
 
 
 23
 Miller filed her notice of appeal on March 1, 1993, 33 days after the judgment was entered. Though both parties agree that the district court had the authority to accept Miller's untimely notice of appeal, the Federal Rules of Appellate Procedure require a finding of excusable neglect. Moreover, "[i]t is well settled that leave to file an untimely notice of appeal is to be granted only in unique or extraordinary circumstances." Marsh v. Richardson, 873 F.2d 129, 130 (6th Cir.1989). We review the district court's decision denying Rule 4(b) relief under an abuse of discretion standard of review. See Baker v. Raulie, 879 F.2d 1396, 1399 (6th Cir.1989) (employing an abuse of discretion standard of review to an excusable neglect determination under the analogous civil section, Federal Rule of Appellate Procedure 4(a)(5)).
 
 
 24
 Though Miller maintains that her untimely notice of appeal should be allowed under the "excusable neglect" provision of Federal Rule of Appellate Procedure 4(b) because she "has serious medical problems and psychological problems [preventing her from] understanding the nature and extent of her rights under the law," Affidavit of Excusable Neglect at 1, and because her trial attorney "was unaware of her ability to file an appeal," id. at 2, Miller's assertions do not qualify as unique and extraordinary circumstances warranting relief under Rule 4(b)'s "excusable neglect" provision. The district court advised Miller of her right to appeal and, in fact, provided her with an appeal form. Though Miller asserts that the district court judge discouraged her from appealing her sentence, the judge simply noted that "the court heard nothing that would allow the court to depart below the guidelines," Joint Appendix at 134, and noted that her Rule 11 plea agreement had been "carefully negotiated." Id.
 
 
 25
 Because Miller failed to present any evidence to justify the delay in filing her notice of appeal, we find that the district court did not abuse its discretion by denying Miller's claim for relief under Rule 4(b)'s "excusable neglect" provision. See United States v. Wrice, 954 F.2d 406, 410 (6th Cir.) (considerable "deference accorded to the district court's discretion over excusable neglect in criminal appeals"), cert. denied, 112 S.Ct. 2286 (1992).
 
 III.
 
 26
 We AFFIRM the district court's decision denying Sandra Miller's motion for a thirty-day extension to file her notice of appeal for the foregoing reasons.