**COMPUSERVE INCORPORATED, Plaintiff–Appellee,**

v.

**Jerry SAPERSTEIN, Defendant–Appellant.**

**No. 01–3138.**

United States Court of Appeals, Sixth Circuit.

Nov. 2, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

### ORDER

Jerry Saperstein appeals pro se from a district court order that denied his motion for an extension of time in which to file a notice of appeal. His current appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The underlying case arose from a contract dispute between Saperstein and CompuServe, Inc. The district court awarded CompuServe summary judgment regarding Saperstein's counterclaims on September 29, 2000. Saperstein's appeal from that judgment was dismissed as untimely. *CompuServe v. Saperstein*, No. 00–4396 (6th Cir. Mar. 13, 2001) (unpublished).

Saperstein had filed a timely motion in the district court, seeking to extend the thirty-day period for filing his notice of appeal in case No. 00–4396. *See* Fed. R.App. P. 4(a)(5). He alleged that he had miscalculated the time for filing that appeal because he mistakenly believed that three additional days had been added to the filing period by the "mailbox rule" that is found in Fed.R.Civ.P. 6(e). The district court found that Saperstein had not shown that his belated filing was caused by excusable neglect. Thus, it denied his motion to extend on January 16, 2001. It is from this judgment that Saperstein now appeals.

We review the district court's denial of Saperstein's motion to extend for an abuse of discretion. *See Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir.1989). The thirty days allowed for filing a civil appeal had already expired when Saperstein moved for an extension of time. Thus, he was required to show that his untimely filing had been caused by excusable neglect. *See id.* This is a "strict" standard that is satisfied only in "extraordinary cases." *Id.*

Saperstein primarily alleged that had not filed a timely appeal in case No. 00–4396 because he had misinterpreted Fed.R.Civ.P. 6(e). However, that rule plainly applies only when a party is required to do something "within a prescribed period after the service of a notice or other paper." In contrast, a civil appeal generally "must be filed within 30 days *after the judgment or order appealed from is entered.*" Fed. R.App. P. 4(a)(1)(A) (emphasis added). Thus, the district court did not abuse its discretion by denying Saperstein's motion because his alleged misinterpretation of the plain language of these rules did not amount to excusable neglect. *See Kyle v. Campbell Soup Co.*, 28 F.3d 928, 930–32 (9th Cir.1994).

We have considered Saperstein's arguments to the contrary and they are all unavailing. In this regard, we note that the district court was not obliged to correct his asserted misunderstanding of Rule

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

6(e). *See generally Williams v. Browman,* 981 F.2d 901, 903 (6th Cir.1992). Moreover, the court properly found that Saperstein's alleged confusion did not establish excusable neglect, as it was not reasonable for him to rely on Rule 6(e) if he was not sure that it applied. *See FHC Equities, L.L.C. v. MBL Life Assurance Corp.,* 188 F.3d 678, 687 (6th Cir.1999).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.