Timothy R. **VILLA,** Plaintiff

v.

**VILLAGE OF ELMORE,**
**et al., Defendants**

No. 3:02CV7357.

United States District Court,
N.D. Ohio,
Western Division.

March 3, 2003.

Larry D. Farley, Marilyn L. Widman, Allotta & Farley, Toledo, OH, for Timothy R. Villa, Plaintiff.

Joan C. Szuberla, Spengler Nathanson, Teresa L. Grigsby, Spengler Nathanson, Toledo, OH, Bridget M. Brennan, Baker & Hostetler, Michael K. Farrell, Baker & Hostetler, Cleveland, OH, for Village of Elmore, Sylvania, City of, Clerk of the Municipal Court, Ohio Goverment Risk Mgnmt Plan, Twin City Fire Insurance Company, The Press, Kelly J. Kaczala, News Editor, Defendants.

## ORDER

CARR, District Judge.

This is a civil rights case in which plaintiff's claims under 42 U.S.C. § 1983 and the Federal Privacy Act, 5 U.S.C. § 552a, were dismissed by order of this court. Pending is plaintiff's motion for extension of time to file a notice of appeal. For the following reasons, plaintiff's motion shall be denied.

## BACKGROUND

On December 3, 2002, this court entered an order dismissing plaintiff's civil rights claims against the Village of Elmore and the City of Sylvania. Under Fed. R.App. P. 4(a)(1)(A), the time for filing a notice of appeal in a civil case is "30 days after the judgment or order appealed from is entered." Accordingly, the final day to file this notice of appeal was January 2, 2003. The plaintiff filed the notice of appeal on January 3, 2003, and was informed of the error by the Sixth Circuit on January 23, 2003.

Plaintiff submitted this motion for extension of time on January 30, 2003. Under Fed. R.App. P. 4(a)(5)(A), the district court may extend the time to file a notice of appeal if:

(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

(ii) that party shows excusable neglect or good cause.

Because the motion was submitted within the requisite time period, the only issue in this case is whether the plaintiff showed either excusable neglect or good cause.

## ANALYSIS

### I. Good Cause

It is well established that an extension of time is only granted for a notice of appeal "in unique and extraordinary circumstances." *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir.1989). An extension of time due to a showing of good cause is only granted when the notice of appeal is filed before the thirty day time period under Rule 4(a) expires. *Id.* The filing of the notice for extension was thirty-one days after the entry of the order. A showing of good cause also only "applies in situations in which there is no fault-excusable or otherwise."Fed. R.App. P.

4(a)(5)(A)(ii) advisory committee notes on the 2002 Amendments. Because the notice was filed late and there was fault in this case, plaintiff cannot make a showing of good cause.

### A. Excusable Neglect

Compliance with the time requirement for filing a notice of appeal is both "mandatory and jurisdictional." *Baker v. Raulie*, 879 F.2d 1396, 1398 (6th Cir. 1989) (citations omitted). The standard for excusable neglect has consistently been held to be "strict" and can be met only in extraordinary cases. *Marsh*, 873 F.2d at 130 (citing *Reinsurance Co. of Am., Inc. v. Admin. Asigurarilor de Stat*, 808 F.2d 1249, 1251 (7th Cir.1987); *Oregon v. Champion Int'l Corp.*, 680 F.2d 1300, 1302 (9th Cir.1982); *Airline Pilots in the Serv. of Exec. Airlines, Inc. v. Exec. Airlines, Inc.*, 569 F.2d 1174, 1175 (1st Cir.1978)).

In *Marsh*, the Sixth Circuit concluded that the errors made by the party's counsel were not excusable neglect. The party asking for the extension claimed that his counsel did not learn of the district court's filing until five days before notice was due and that his counsel thereafter miscalculated the time period for filing.

The court concluded:

Such errors by counsel indicate a serious lack of diligence and inattention to the everyday detail of the practice of law. Most trial lawyers know that meeting time deadlines is a part of what their practice is all about. Most know that meeting deadlines is a major part of appellate practice because failure to file certain documents like the notice of appeal creates a jurisdictional defect.

*Id.* at 131.

Miscalculation of the time period does not rise, therefore, to the standard of excusable neglect. As the Sixth Circuit concluded in *Barnes v. Cavazos*, 966 F.2d 1056, 1061 (6th Cir.1992):

Calculating time deadlines in the context of the demands of trial practice is routine and ordinary.... Mistakes arising from such calculations are not of the "unique" or "extraordinary" variety envisioned by our interpretation of Rule 4(a). Indeed, miscalculating the time for filing is among the most ordinary types of neglect. If we were to weaken this circuit's present analysis of Rule 4(a) and hold that the instant circumstances constitute "excusable neglect," the result would be an increase in the manufacture of excuses incapable of our verification. In the absence of unique underlying circumstances that impel a miscalculation, there is no way to verify a lawyer's naked representation that he or she miscalculated time requirements.

In this case, plaintiff argues that because of holiday closings, scheduling conflicts, and receipt of this court's motion to dismiss several days after it was entered, his attorney miscalculated the thirty day period. Counsel's mistakes, however, cannot be said to have occurred despite her affirmative efforts to comply. *Marsh*, 873 F.2d at 131. Plaintiff offers no reasonable explanation for his failure to know of the judgment or why client and attorney were unable to consult. As the court concluded in *Marsh*, "[t]hese errors, taken together, indicate the type of inadvertence arising from lack of diligence...." *Id.*

Because plaintiff does not present such an extraordinary case sufficient to meet the standard of excusable neglect, the requirements of Rule 4(a)(5) have not been met. An extension of time to file a notice of appeal is therefore denied.

### CONCLUSION

It is, therefore,

**ORDERED THAT**

Plaintiff-appellant's motion for an extension of time to file a notice of appeal be, and hereby is, denied.

**So ordered**.