NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0493n.06

No. 14-1995

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GEORGE YONO and SALWA YONO,

      Plaintiffs-Appellants,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR LONG BEACH MORTGAGE
TRUST 2004-6, and JPMORGAN
CHASE BANK, NA, SUCCESSOR TO
WASHINGTON MUTUAL BANK,

      Defendants-Appellees.

**FILED**
Jul 10, 2015
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

**BEFORE:** **CLAY** and **SUTTON**, Circuit Judges; and **WATSON**, District Judge.[*]

**PER CURIAM.** Plaintiffs George and Salwa Yono filed an amended complaint in the Oakland County Circuit Court in Michigan seeking, among other relief, quiet title to property located in West Bloomfield, Michigan. Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), as Trustee for Long Beach Mortgage Trust 2004-6, and JPMorgan Chase Bank, N.A. ("JPMorgan"), successor to Washington Mutual Bank, removed the complaint to the United States District Court for the Eastern District of Michigan on July 26, 2013. On February 28, 2014, the district court issued an order granting Deutsche Bank's motion to dismiss and JPMorgan's motion for summary judgement. The district court denied Plaintiffs' subsequent

---

[*] The Honorable Michael H. Watson, United States District Judge for the Southern District of Ohio, sitting by designation.

motion for reconsideration. Plaintiffs failed to file a timely notice of appeal; rather, on June 6, 2014, Plaintiffs filed a motion for leave to file their notice of appeal out of time. After receiving briefing by the parties, the district court denied Plaintiffs' motion. Plaintiffs now argue that the district court abused its discretion in so doing.

Plaintiffs contend that a "setting change" in their counsel's electronic filing system and a "computer glitch" experienced by Plaintiffs' counsel should excuse their failure to file their notice of appeal by the specified deadline. However, the explanations and arguments put forward by Plaintiffs fall far short of the "unique or extraordinary circumstances" that Plaintiffs must demonstrate in order to be granted leave to file an untimely notice of appeal. *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). After carefully considering the record, the parties' arguments, and applicable law, we find that the district court's reasoning and conclusions are sound. We therefore hold that the district court did not abuse its discretion by denying Plaintiffs' motion for leave to file a notice of appeal out of time. We **AFFIRM** on the basis of the district court's order dated July 11, 2014.